## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DAVID WHITE,
BRIAN KEITH JOHNSON
MICHAEL D. JOHNSON
SAMUEL SMITH
CHRISTOPHER ALLEN SMITH
MICHAEL LAMB

                Plaintiffs,

v.

CORELOGIC SAFERENT, LLC;           Civil Action No.  3:20cv00692

and

CORELOGIC NATIONAL
BACKGROUND DATA, LLC

                Defendants.

### COMPLAINT

COMES NOW the Plaintiffs, DAVID WHITE, BRIAN KEITH JOHNSON, MICHAEL JOHNSON, SAMUEL SMITH, CHRISTOPHER ALLEN SMITH and MICHAEL LAMB, by Counsel, and for their complaint against Defendants, Corelogic SafeRent, LLC ("SafeRent") and Corelogic National Background Data, LLC. ("NBD") (collectively, "Defendants") they state as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. §1681e(b) and 15 U.S.C. §1681k of the Fair Credit Reporting Act ("FCRA").

2.      The FCRA requires that companies like the Defendants - which sell employment background check reports that have a serious and decisive impact on the ability of consumers to obtain and follow employment opportunities - follow reasonable procedures to assure the

maximum possible accuracy of the information they report.  Congress described these obligations placed on consumer reporting agencies as "grave responsibilities".  15 U.S.C. §1681.  Defendants failed to treat these obligations accordingly, and despite knowing that their underlying data and the "matching" algorithms that selected records for inclusion into consumer reports had serious deficiencies, they continued to sell reports anyway to the detriment of consumers like the Plaintiffs.

## JURISDICTION

3.       The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper as all relevant events occurred in this District and Division and arise from the earlier litigation of Corelogic National Background Data in this Court, Henderson, et al v. Corelogic National Background Data, LLC. (Civil No. 3:12-cv-00097-DJN) and Witt v. Corelogic SafeRent, LLC and Corelogic National Background Data, LLC. (Civil No. 3:15-cv-00386-DJN) and this Court's continuing oversight of the injunctive relief provided for in those matters.

## PARTIES

4.       Plaintiff David White is a natural person and resident of the State of Mississippi. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.       Plaintiff Brian Keith Johnson is a natural person and resident of the State of New Jersey.  He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.       Plaintiff Michael D. Johnson is a natural person and resident of the State of Georgia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7.       Plaintiff, Samuel Smith is a natural person and resident of the State of Texas.  He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.       Plaintiff, Christopher Allen Smith, is a natural person and resident of the State of Arizona.  He is a "consumer" as defined by 15 U.S.C. §1681a(c).

9.      Plaintiff, Michael Lamb, is a natural person and resident of the State of Georgia. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

10.     Defendant SafeRent is a consumer-reporting agency that compiles and follows files on consumers on a nationwide basis. It follows an extensive database of public records regarding consumers. It then sells consumer reports generated from the database and furnishes these consumer reports to its sister company, Defendant CoreLogic National Background Data, LLC ("National Background Data"), who then sells them to other "reseller" consumer-reporting agencies who, in turn, rebrand them and sell them to employers for use in making employment decisions regarding current and potential employees.

### *Factual Allegations Relating to Plaintiff David White*

11.     Prior to March 2010, Plaintiff was employed as a fulltime assistant football coach at the University of Oklahoma.  In March 2010, Plaintiff was offered and accepted a position with Yale University.

12.     As part of his relationship with Yale University, Plaintiff submitted to a background check, part of which involved Yale's purchase and review of a criminal records report to ensure that the Plaintiff was not a criminal.  Yale University requested a criminal records report from ADP Screening and Selection Services, a third-party re-seller consumer reporting agency.  In order to prepare this report, ADP requested a full background report regarding the Plaintiff from Defendant NBD, who in turn requested a report from its sister company, SafeRent.

13.     The day after signing the employment contract with Yale University, Plaintiff was asked to meet with the Athletic Administration. During this meeting, Plaintiff was advised that his contract was revoked immediately due to some issues with his background check and that they were unable to hire him.

14.     From March 2010 through January 2017, Plaintiff was unable to obtain a professional coaching position anywhere in his field, despite that by all accounts, he was and is an excellent football coach.

15.     On or about February 14, 2018, Plaintiff became aware that Defendants NBD and SafeRent had been publishing false information about him.

16.     Through investigation, Plaintiff was able to determine that ADP had purchased a report from Defendants NBD and SafeRent, and provided a report dated March 11, 2010 to Yale University.  This report indicated that Plaintiff was a sex offender based on prior convictions for "attempted sexual exploitation of a minor", "child molestation", "lewd or indecent proposal/acts with a child", "sexual battery", "first degree sexual assault of a child", and "child enticement" and had been registered as such in the States of Arizona, Indiana, Oklahoma, Virginia, and Wisconsin.

17.     Plaintiff is not nor has he ever been a registered sex offender, nor has he ever been convicted of the crimes listed in the preceding paragraph.

18.     The Defendants' publication of reports and public record information which were ultimately transmitted to Yale University would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

19.     The inaccurate report caused Plaintiff substantial hardship, and Plaintiff suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

### *Factual Allegations Relating to Plaintiff Brian Keith Johnson*

20.     Since 2008 Plaintiff was employed by Tyler Distribution.

21.     While employed, Plaintiff was injured, but later recovered.  Upon his recovery, Plaintiff was released to return to regular duty and, before he was permitted to physically return to work, Tyler Distribution reviewed a background report related to the Plaintiff that was provided through ADP, one of the Defendants' customers.

22.     The report furnished by each of the Defendants to ADP and ultimately provided by ADP to Tyler Distribution dated August 14, 2008 contained inaccurate information.

23.     The August 14, 2008 report indicated that Plaintiff was a registered sex offender, previously convicted of "child molestation", "child molestation-1st degree", "sexual intercourse without consent", and "second degree sexual assault of a child".

24.     Plaintiff is not nor has he ever been a registered sex offender, nor has he ever been convicted of the crimes listed in the preceding paragraph.

25.     As a result, Plaintiff was forced to attempt to explain to numerous persons that he was not a registered sex offender and had never sexually assaulted a child.

26.     ADP's transmission of the sex offender reports to Tyler Distribution would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

27.     The inaccurate report caused Plaintiff substantial hardship, as he suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

### Factual Allegations Relating to Plaintiff Michael D. Johnson

28.     In 2008 and again in 2010 Plaintiff applied for employment with Lincoln Technical Institute.

29.     As part of his relationship with Lincoln Technical Institute, Plaintiff submitted to a background check, part of which involved Lincoln Technical's purchase and review of a criminal records report to ensure that the Plaintiff was not a criminal.  Lincoln Technical requested a criminal records report from ADP Screening and Selection Services, a third-party re-seller consumer reporting agency.  In order to prepare this report, ADP requested a full background report regarding the Plaintiff from Defendant NBD, who in turn requested a report from its sister company, SafeRent.

30.     In January 2018, through investigation, Plaintiff was able to determine that ADP had purchased a report from Defendants NBD and SafeRent and that it had provided a report dated October 7, 2008 to Lincoln Technical that contained inaccurate information regarding the Plaintiff. This report indicated that Plaintiff was a sex offender and had been registered as such in the States of Georgia, Indiana, Wyoming, Missouri, North Carolina, Oklahoma, Virginia, and Wisconsin.

31.     The report further indicated that Plaintiff had previously been convicted of "sexual battery", "sexual misconduct-1st degree", "aggravated sexual assault and battery causing injury", "sex offense - 2nd degree", "violent sex offender - failure to register", and "sexual assault - 3rd degree".

32.     Plaintiff is not nor has he ever been a registered sex offender, nor has he ever been convicted of the crimes listed in the preceding paragraph.

33.     ADP's transmission of the sex offender reports to Lincoln Technical would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

34.     The inaccurate report caused Plaintiff substantial hardship, as he suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

### *Factual Allegations Relating to Plaintiff Samuel Smith*

35.     In July 2008 Plaintiff applied for a position with PCA-Houston Fast Park.

36.     As part of his relationship with PCA-Houston Fast Park, Plaintiff submitted to a background check, part of which involved PCA-Houston Fast Park's purchase and review of a criminal records report to ensure that the Plaintiff was not a criminal.  PCA-Houston Fast Park requested a criminal records report from ADP Screening and Selection Services, a third-party re-seller consumer reporting agency.  In order to prepare this report, ADP requested a full background report regarding the Plaintiff from Defendant NBD, who in turn requested a report from its sister company, SafeRent.

37.     Through investigation, Plaintiff has determined that ADP purchased a report from Defendants NBD and SafeRent and provided the report to PCA-Houston Fast Park dated July 24, 2008 that contained inaccurate information regarding the Plaintiff.  This report indicated that Plaintiff was a sex offender and had been registered as such in the States of Georgia, Indiana, Missouri and Virginia.

38.     The report further indicated that Plaintiff had previously been convicted of "child molestation", "sexual battery", "sexual misconduct", 2 counts of "sexual assault-1st degree", "indecent liberties with children", and "forcible sodomy".

39.     Plaintiff is not nor has he ever been a sex offender, and he has never been convicted of the crimes described in the preceding paragraph.

40.     ADP's transmission of the sex offender reports to PCA-Houston Fast Park would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

41.     The inaccurate report caused Plaintiff substantial hardship, as he suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

### *Factual Allegations Relating to Plaintiff Christopher Allen Smith*

42.     In 2009, Plaintiff applied for a position with Angel Fire Resort.

43.     As part of his relationship with Angel Fire Resort, Plaintiff submitted to a background check, part of which involved Angel Fire Resort's purchase and review of a criminal records report to ensure that the Plaintiff was not a criminal.  Angel Fire Resort requested a criminal records report from ADP Screening and Selection Services, a third-party re-seller consumer reporting agency.  In order to prepare this report, ADP requested a full background report regarding the Plaintiff from Defendant NBD, who in turn requested a report from its sister company, SafeRent.

44.     Through investigation, Plaintiff has determined that ADP purchased a report from Defendants NBD and SafeRent and provided the report Angel Fire Resort dated August 12, 2009 that contained inaccurate information regarding the Plaintiff.  This report indicated that Plaintiff was a sex offender and had been registered as such in the States of Indiana and Missouri.

45.     The report further indicated that Plaintiff had previously been convicted of "child molestation", "kidnapping" and "sexual battery ".

46.     Plaintiff is not nor has he ever been a sex offender, and he has never been convicted of the crimes described in the preceding paragraph.

47.     ADP's transmission of the sex offender reports to Angel Fire Resort would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

48.     The inaccurate report caused Plaintiff substantial hardship, as he suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

### *Factual Allegations Relating to Plaintiff Michael Lamb*

49.     In 2011, Plaintiff applied for a position with CB&I.

50.     As part of his relationship with CB&I, Plaintiff submitted to a background check, part of which involved CB&I's purchase and review of a criminal records report to ensure that the Plaintiff was not a criminal.  CB&I requested a criminal records report from ADP Screening and Selection Services, a third-party re-seller consumer reporting agency.  In order to prepare this

report, ADP requested a full background report regarding the Plaintiff from Defendant NBD, who in turn requested a report from its sister company, SafeRent.

51.     Through investigation, Plaintiff has determined that ADP purchased a report from Defendants NBD and SafeRent and provided the report to CB&I dated May 4, 2011 that contained inaccurate information regarding the Plaintiff.  This report indicated that Plaintiff was a sex offender and had been registered as such in the States of Wisconsin.

52.     The report further indicated that Plaintiff had previously been convicted of "first-degree sexual assault of a child".

53.     Plaintiff is not nor has he ever been a sex offender, and he has never been convicted of the crimes described in the preceding paragraph.

54.     ADP's transmission of the sex offender reports to CB&I would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

55.     The inaccurate report caused Plaintiff substantial hardship, as he suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

### COUNT ONE – VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b) as to Plaintiff, DAVID WHITE

56.     Plaintiff realleges and incorporates paragraphs 1 through 55 above as if fully set out herein.

57.     Defendants NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that each sold regarding the Plaintiff.

58.     As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

59.     The Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Corelogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

**COUNT TWO – VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b) as to Plaintiff, BRIAN KEITH JOHNSON**

60.     Plaintiff realleges and incorporates paragraphs 1 through 59 above as if fully set out herein.

61.     Defendants NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that it sold regarding the Plaintiff.

62.     As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

63.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Corelogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

## COUNT THREE – VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b) as to Plaintiff, MICHAEL D. JOHNSON

64.     Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65.     Defendants, NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that it sold regarding the Plaintiff.

66.     As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

67.     The Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Corelogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

## COUNT FOUR – VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b) as to Plaintiff, SAMUEL SMITH

68.     Plaintiff realleges and incorporates paragraphs 1 through 67 above as if fully set out herein.

69.     Defendants, NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that it sold regarding the Plaintiff.

70.     As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

71.     The Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Corelogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

## COUNT FIVE – VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b) as to Plaintiff, CHRISTOPHER ALLEN SMITH

72.     Plaintiff realleges and incorporates paragraphs 1 through 71 above as if fully set out herein.

73.     Defendants, NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that it sold regarding the Plaintiff.

74.     As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

75.     The Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Corelogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

## COUNT SIX – VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b) as to Plaintiff, MICHAEL LAMB

76.     Plaintiff realleges and incorporates paragraphs 1 through 75 above as if fully set out herein.

77.     Defendants, NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that it sold regarding the Plaintiff.

78.     As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment

opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

79.    The Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Corelogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

**COUNT SEVEN– VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681k(a)(1) as to Plaintiff, DAVID WHITE**

80.    Plaintiff realleges and incorporates paragraphs 1 through 79 above as if fully set out herein.

81.    Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

82.    Plaintiff was unaware of Defendants' violation regarding his ADP report until February 14, 2018.  He was unaware of Defendants' additional violations until the information was provided to him in the notice regarding the class action referred in paragraph 3 above.

83.    Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

84.    Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

85.    Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

14

86.     The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual damages, attorney fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

87.     As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled.  Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions- applications for employment or credit.

88.     Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiff was at increased risk to be denied employment.

89.     Plaintiff is entitled to recover actual damages, costs and attorney's fees as well as appropriate relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

90.     As a result of these FCRA violations, Defendants are liable to Plaintiff for actual damages, attorney fees and costs pursuant to §1681n.

**COUNT EIGHT– VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681k(a)(1) as to Plaintiff, BRIAN KEITH JOHNSON**

91.     Plaintiff realleges and incorporates paragraphs 1 through 90 above as if fully set out herein.

92.     Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

93.     Plaintiff was unaware of Defendants' violation regarding his ADP report until 2018.  He was unaware of Defendants' additional violations until the information was provided to him in the notice regarding the class action referred to in paragraph 3 above.

94.     Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

95.     Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

96.     Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

97.     The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual damages, attorney fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

98.     As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled.  Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to

employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions- applications for employment or credit.

99.    Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiff was at increased risk to be denied employment.

100.    Plaintiff is entitled to recover costs and attorney's fees as well as appropriate relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

88.    As a result of these FCRA violations, Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees actual damages, attorney fees and costs pursuant to §1681n.

### COUNT NINE– VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681k(a)(1) as to Plaintiff, MICHAEL D. JOHNSON

101.    Plaintiff realleges and incorporates paragraphs 1 through 100 above as if fully set out herein.

102.    Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

103.    Plaintiff was unaware of Defendants' violation regarding his ADP report until 2018.  He was unaware of Defendants' additional violations until the information was provided to him in the notice regarding the class action referred in paragraph 3 above.

104.     Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

105.     Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

106.     Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

107.     The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual damages, attorney fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

108.     As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled.  Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions- applications for employment or credit.

109.     Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiff was at increased risk to be denied employment.

110.    Plaintiff is entitled to recover actual damages, costs and attorneys' fees as well as appropriate relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

111.    As a result of these FCRA violations, Defendants are liable to Plaintiff for actual damages, attorney fees and costs pursuant to §1681n.

**COUNT TEN– VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681k(a)(1) as to Plaintiff, SAMUEL SMITH**

112.    Plaintiff realleges and incorporates paragraphs 1 through 111 above as if fully set out herein.

113.    Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

114.    Plaintiff was unaware of Defendants' violation regarding his ADP report until February 14, 2018.  He was unaware of Defendants' additional violations until the information was provided to him in the notice regarding the class action referred in paragraph 3 above.

115.    Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

116.    Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

117.    Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

118.    The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual damages, attorney fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

119.    As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled.  Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions- applications for employment or credit.

120.    Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiff was at increased risk to be denied employment.

121.    Plaintiff is entitled to recover costs and attorney's fees as well as appropriate relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

122.    As a result of these FCRA violations, Defendants are liable to Plaintiff for actual damages, attorney fees and costs pursuant to §1681n.

## COUNT ELEVEN– VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681k(a)(1) as to Plaintiff, CHRISTOPHER ALLEN SMITH

123.   Plaintiff realleges and incorporates paragraphs 1 through 122 above as if fully set out herein.

124.   Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

125.   Plaintiff was unaware of Defendants' violation regarding his ADP report until 2018.  He was unaware of Defendants' additional violations until the information was provided to him in the notice regarding the class action referred in paragraph 3 above.

126.   Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

127.   Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

128.   Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

129.   The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual damages, attorney fees and costs in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

130.     As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled.  Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions- applications for employment or credit.

131.     Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiff was at increased risk to be denied employment.

132.     Plaintiff is entitled to recover costs and attorney's fees as well as appropriate relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

133.     As a result of these FCRA violations, Defendants are liable to Plaintiff for actual damages, attorney fees and costs pursuant to §1681n.

**COUNT TWELVE– VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681k(a)(1) as to Plaintiff, MICHAEL LAMB**

134.     Plaintiff realleges and incorporates paragraphs 1 through 133 above as if fully set out herein.

135.     Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

136.    Plaintiff was unaware of Defendants' violation regarding his ADP report until 2018.  He was unaware of Defendants' additional violations until the information was provided to him in the notice regarding the class action referred in paragraph 3 above.

137.    Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

138.    Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

139.    Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

140.    The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual damages, attorney fees and costs in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

141.    As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled.  Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions- applications for employment or credit.

142.    Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiff was at increased risk to be denied employment.

143.    Plaintiff is entitled to recover costs and attorney's fees as well as appropriate relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

144.    As a result of these FCRA violations, Defendants are liable to Plaintiff for actual damages, attorney fees and costs pursuant to §1681n.

WHEREFORE, Your Plaintiffs demands judgment for actual damages, statutory damages, punitive damages, costs and attorneys' fees against the Defendants, for their attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court does deem just, equitable and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Respectfully submitted,

**DAVID WHITE,**
**BRIAN KEITH JOHNSON,**
**MICHAEL D. JOHNSON, SAMUEL SMITH,**
**CHRISTOPHER ALLEN SMITH,**
**MICHAEL LAMB,**


BY:   /s/      Leonard A. Bennett
        Leonard A. Bennett, VSB #37523
        Matthew J. Erausquin, VSB #65434
        Consumer Litigation Associates, P.C.
        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, VA 23601
        Email:  lenbennett@clalegal.com
        Email:  matt@clalegal.com
        (757) 930-3660
        (757) 930-3662 facsimile